Edward Hirsch *et al. vs.* Home Insurance Company.

JUNE 27, 1915.

Present:   Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Fire Insurance.*

Where differences as to a loss by fire had occurred between insured and the
· company, and an agreement for appraisal had been entered into under the
terms of the policy and an award had been made; such award being valid ·
as long as it stood undisturbed, its existence, instead of constituting an
obstacle to the bringing of an action, enabled the action to be brought.

*(2)   Bill in Equity in Aid of Action at Law.   Limitation of Time.*

Where an action on a policy of fire insurance had been commenced within the
time limited by the terms of the policy, a bill in equity brought to set aside
the award of appraisers, which was brought after the time limited is not to
be regarded as an action on the policy for the recovery of a claim, but is in
aid of the action at law, and will properly lie as an auxiliary proceeding
growing out of the same subject-matter.

Bill in Equity.   Heard on appeal of complainant and
.appeal sustained.

Johnson, C. J.   This is a bill in equity brought in the
.Superior Court for the County of Providence, to set aside
the award of appraisers of the damages occasioned by a fire
which occurred on the 16th day of May, 1911, to certain
property of the complainants which was insured by the
respondent insurance company under the standard form
.of insurance policy, prescribed by statute in the State of
Rhode Island, upon which an action at law for the recovery
.of their loss, arising from said fire was commenced on the
14th day of November, 1911, and is now pending in said
.Superior Court, the papers therein being made a part of said
bill.

The respondent, through its solicitors, made answer to
the allegations in said bill, and claimed the same benefits of
the allegations of the ninth and tenth paragraphs of their
.answer as if the same had been set up by way of pleas to the

said bill. The complainants excepted to the sufficiency of the respondent's pleas as stated in the ninth and tenth paragraphs of its answer, and on hearing, the justice presiding overruled the exceptions of the complainants to the sufficiency of the plea contained in paragraph nine of the respondent's answer and sustained the complainants' exception to the sufficiency of the respondent's plea as contained in paragraph ten of its said answer, and a decree of said court was entered dismissing the complainants' bill of complaint and awarding costs to the respondent.

After entry of the final decree dismissing the complainants' bill and awarding costs to the respondent, and within thirty days after entry of said decree, the said complainants, Edward Hirsch and Benjamin Hyman, being aggrieved by the said final decree, claimed their appeal from said decree and set forth their reasons therefor.

The respondent's pleas to which the said complainants excepted are as follows:

"*Ninth.* And this defendant further shows to the court that in said policy of insurance it is provided that no suit or action on said policy for the recovery of any claim should be sustainable in any court of law or equity, unless commenced within twelve months after the fire; that the fire occurred upon the 16th day of May, A. D. 1911, and that this suit was not commenced nor was the bill of complaint filed in court until the ninth day of July, A. D. 1913.

"And the defendant claims the same benefits of the allegations of this paragraph as if the same had been set up by way of plea to said suit.

"*Tenth.* The defendant further shows to the court that in the action brought as aforesaid by these plaintiffs and said Maude L. Scott against this defendant upon said policy of insurance and now pending and undetermined in this court, this defendant under the provisions of the statute in such case made and provided, paid into court its proportionate share of the amount of the award of said appraisers to wit, the sum of one thousand two hundred

thirteen and $\frac{53}{100}$ ($1,213.53) dollars, together with the costs of said action which had theretofore accrued; and the plaintiffs took and received of the clerk of this court the said sum so paid in the registry of the court by the defendant. The said plaintiffs have not repaid or restored or offered to repay or restore to this defendant the sum so received by them or any part thereof, but have retained and still retain the same.

"And the defendant claims the same benefits of the allegations of this paragraph as if the same had been set up by way of plea to said suit."

The complainants claim of appeal from the final decree in said cause and the reasons thereof are as follows:

"Now after entry of final decree in the above entitled case, dismissing the bill and awarding the costs to the respondent, and within thirty (30) days after the entry of said decree, the said complainants, Edward Hirsch and Benjamin Hyman, come into court and say that they are aggrieved by said decree and they claim this their appeal from said decree and state the following reasons of appeal:

"*First.* That said decree is against the law.

"*Second.* That said decree is against the rights of the complainants as disclosed by the pleadings.

"*Third.* That the court erred in holding the plea contained in the ninth paragraph of the defendant's answer to be good and sufficient and in ordering the same to stand and be allowed.

"Wherefore these complainants appeal from this decree of the Superior Court to the Supreme Court, and pray that the same may be reversed, etc."

The justice in his rescript said: "This bill, which is brought to set aside the award, was not commenced until over a year after the fire. The plaintiffs apparently consider that the effect of a decree setting aside the award would relate back to the time of the commencement of the action at law and allow them to maintain the action at law, which they could not have maintained upon the facts existing at the time said action was brought.

"*Woodbury Savings Bank* v. *Charter Oak Ins. Co.*, 31 Conn. 517, appears to sustain this contention. The case is not, however, reasoned but merely asserted. We do not feel inclined to follow it, because we think that the setting aside of the award was in the nature of a condition precedent to maintaining the action at law. The action was not maintainable when it was brought and we fail to see how it can become maintainable afterwards by the subsequent fulfillment of a condition precedent;" and in deciding the point said: "We do not think that the plaintiffs in the case at bar have alleged any sufficient reason or excuse for not bringing the bill in equity within the time limit. At the time they brought their suit at law, the law was clearly established in this State that such a suit could not be maintained without first bringing a bill in equity to set aside the award. Why the plaintiffs waited so long after bringing their action at law before bringing their bill in equity is not explained.

"For these reasons the exceptions to the sufficiency of the plea contained in the ninth paragraph of the respondent's answer must be overruled."

We think the court erred in saying that the plaintiffs could not have maintained the action at law when brought. Differences as to the loss had arisen, an agreement for an appraisal had been entered into under the terms of the policy and an award had been made before the suit was brought. The award was valid, certainly as long as it stood undisturbed, and its existence constituted no obstacle to the bringing of the suit, but rather enabled the suit to be brought. Neither can we regard the Connecticut case cited by the complainants and commented upon by the justice as open to the criticism suggested. In that case the question was upon a bill brought to reform the policy. Upon this point the court said: "It is claimed that no relief can be granted because the limitation for the bringing of the suit contained in the condition of the policy expired before this suit was brought. If relief only had been prayed for, we think the objection would have been fatal. The long array of cases

cited by the counsel for the respondents is decisive. But the petitioners bring this bill in aid of the suit at law which was confessedly commenced before the limitation expired and which is still pending. Whatever further is asked for may be regarded as barred without affecting this part of the petition. It would be taking very strong ground indeed to hold that the right of prosecuting a suit in the ordinary way, although the issue of a new process might be necessary, has been relinquished by such a condition. The object of the condition evidently was in part to prevent delay in the determination of all questions of loss, and in part to enable the company to know in season whether a claim will be prosecuted. The object of the respondents has been answered, and it would be manifestly unjust to allow such an objection to prevail."

(2)    This suit in equity is not in our opinion to be regarded as a suit or action on the policy for the recovery of a claim within the meaning of that portion of the policy which provides that: "No suit or action on this policy for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire." This is a bill in aid of the suit at law now pending between the same parties, and is not a suit or an action on the policy for the recovery of any claim. It does not seek the final termination of the matter. It is manifestly a proceeding to set aside the award to assist the complainants in the successful prosecution of their action at law on the policy. It does not claim any moneys due; does not ask for any damages; and is clearly an auxiliary proceeding in aid of the suit at law now pending in the Superior Court between the same parties, growing out of the same subject-matter.

That a bill in equity may be brought in aid of an action at law requires no citation of authorities.

The case has been very fully argued in the briefs of counsel as to the sufficiency of the bill and also as to the sufficiency

of the tenth plea in defendant's answer. These questions however are not brought before us on appeal. The record shows that the demurrer to the bill had been overruled, and the justice sustained complainants' exception to the tenth paragraph of respondent's answer.

The only question raised by the appeal therefore is: Did the court err in holding the plea contained in the ninth paragraph of the defendant's answer to be good and sufficient, and in ordering the same to stand and be allowed? This ruling was erroneous.

The decree appealed from is reversed and the cause is remanded to the Superior Court with direction to sustain the complainants' exception to the ninth paragraph of the answer of respondent, and for further proceedings.

*J. Jerome Hahn, Raymond P. McCanna,* for complainants.
*Mumford, Huddy & Emerson,* for defendant.
*Charles C. Mumford, E. Butler Moulton,* of counsel.